## Commonwealth v. Katz

*Michael J. Eagen,* district attorney, and *Daniel J. Flood,* Deputy Attorney General, for plaintiff.

*Frank J. McDonnell* and *J. Julius Levy,* for defendant.

LEWIS, J., February 21, 1938.—Defendant was indicted by the grand jury for violation of the malt liquor license laws, as amended by the Beverage License Law of July 18, 1935, P. L. 1217, and particularly under subsection (*b*) two indictments, (*c*) one indictment, (*l*) two indictments, and (*v*) one indictment. Motions to quash all said indictments have been made on the part of defendant, and we will now consider said motions in this one opinion.

Section 23 (*b*) provides that it shall be unlawful:

"For any hotel, restaurant or public service licensee or the servants, agents or employes of such licensees to sell, trade or barter in beverages between the hours of twelve o'clock midnight of any Saturday and seven o'clock in the forenoon of the following Monday, or between the hours of two o'clock antemeridian and seven o'clock antemeridian of any day."

Section 23 (*l*) provides that it shall be unlawful:

"For any retail licensees . . . to permit in any licensed premises, dancing, theatricals, floor show or moving picture exhibitions of any sort, unless the licensee shall have

first received from the board a special permit to provide such entertainment, or for any retail licensee under any circumstances to permit in any licensed premises, any lewd, immoral or improper entertainment regardless of whether or not a permit to provide entertainment has been obtained."

Section 23 (v) provides that it shall be unlawful:

"For any retail dispenser to furnish, give, or sell below a fair cost any lunch to any consumer except such articles of food as the board may authorize and approve."

Defendant in the six motions to quash these indictments raises the following constitutional questions:

1. That the act is unconstitutional because it is in violation of article III, sec. 7, of the Constitution, which invokes against the passage of a special law regulating trade, in that it establishes a classification in the liquor trade regulating only malt and brewed beverages and prescribing penalties therefor and omitting other liquor trades.

2. That subsections (b) and (c), upon which three indictments are based, do not set forth a criminal offense, since the legislature of Pennsylvania does not have the authority to prohibit the selling of any beverages except malt and brewed beverages and alcoholic beverages under article I, sec. 1, of the Constitution, which provides: "All men . . . have certain inherent and indefeasible rights, among which are . . . acquiring, possessing and protecting property".

3. That the said subsections (l) and (v), upon which three indictments are founded, offend against article III, sec. 3, of the Constitution, declaring that no bills shall be passed containing more than one subject which shall be clearly expressed in its title, the two sections not being germane to the subject of the title.

The constitutionality of this act was fully discussed in the case of Commonwealth v. Stofchek, 322 Pa. 513, 518, and also in the case of Bosnjak v. Grosscup et al., in the Court of Common Pleas of Dauphin County, no. 1166, in

equity. Therefore, we have no hesitation in declaring the present act constitutional.

We will now discuss the indictments. Section 23 of the act of assembly hereinbefore mentioned sets forth the unlawful acts from subsections (*a*) to (*z*) ; all these subsections referring to malt and brewed beverages specifically refer to them as such with the exception of subsections (*b*) and (*c*). Under subsection (*b*), it refers merely to "beverages" and in subsection (*c*) to "any beverages". By subsection (*a*) of section 2, the term "malt or brewed beverage" is construed and defined, but nowhere in this act is the term "beverage" defined.

While section 23(*a*) of the Beverage License Law, supra, makes it unlawful:

"For any manufacturer, importing distributor, or distributor or the servants . . . of the same to sell . . . malt or brewed beverages between the hours of twelve o'clock midnight of any Saturday and two o'clock in the forenoon of the following Monday", there is no such section in the act making it unlawful for a hotel, restaurant, or public service licensee, or the servants of the same to sell malt or brewed beverages.

The term "beverage" as used in subsection (*b*) must therefore be defined in its plain and natural import or meaning. "Beverage" is defined in Webster's New International Dictionary as a "liquid for drinking; drink; usually, drink artificially prepared and of an agreeable flavor; as, an intoxicating *beverage*." Specifically, it is defined as ". . . any of various drinks, esp. of a mild sort, that are essentially sweetened water flavored with fruit juices."

Section 23(*c*) provides it shall be unlawful: "For any licensee to sell . . . any beverages to any person visibly intoxicated". Here again, as in subsection (*b*), the words used are "any beverages" not "malt or brewed beverages". It is also to be noted that all the subsections in section 23 of the present Act of 1935 refer in subsections (*a*), (*d*), (*e*), (*f*), (*i*), (*j*), (*k*), (*m*), (*n*), (*o*), (*p*), (*q*), (*s*),

$(t)$, $(w)$, $(x)$, $(y)$, and $(z)$ to "malt or brewed beverages," while only subsections $(b)$ and $(c)$ refer to "any beverages".

It may also be noted that in the Beverage License Law of May 3, 1933, P. L. 252, sec. $2(a)$, the word "beverages" was defined as follows:

". . . any beer, lager beer, ale, porter, wine, similar fermented malt or vinous liquor, and fruit juice, containing one-half of one percentum or more of alcohol by volume, and not exceeding three and two-tenths percentum of alcohol by weight".

Thereafter, in a special session of the legislature of 1935, which amended the aforesaid act, the definition of the word "beverages" was struck out and the term "malt liquor" was substituted. The word "beverage" has not been defined in the present Act of 1935, and the only conclusion that we can arrive at is that the omission of the words "malt or brewed liquors" from subsections $(b)$ and $(c)$ was deliberate on the part of the legislature.

When we consider that we are dealing with a penal statute and the same must be most strictly construed, we must conclude that the word beverage used in subsections $(b)$ and $(c)$ of the indictment must be given its accepted meaning and does not charge a crime. We consider subsection $(b)$ and $(c)$ of section 23 two of the most vital sections for the regulation of licenses issued under the malt act, and to strike down those two sections will practically take the teeth out of the penal section of the act. As much as we regret to do so, we must interpret the law as we find it, and quash the two indictments under said subsection $(b)$ and one under subsection $(c)$. Indictment no. 236, October sessions, 1936, wherein the charge is "unlawfully conducting entertainment in licensed premises without special permit from Board", indictment no. 237, October sessions, 1936, which charges defendant with "unlawfully selling food below fair cost", and indictment no. 239, October sessions, 1936, which charges defendant with "unlawfully permitting lewd, immoral

and improper entertainment in licensed premises", are drawn substantially in the language of the act of assembly, and we are of the opinion that the same should be sustained.

Now, therefore, February 21, 1938, the rules to show cause as to the three indictments, one for selling beer between the hours of two o'clock a.m. and seven o'clock a.m., another for selling beer on Sunday, and the third for selling beer to persons visibly intoxicated, entered in the above-stated case, are hereby made absolute and the said indictments are quashed, and the rule to show cause why the indictment charging unlawfully selling food below fair cost, entered to the above-stated case, is hereby discharged and the indictment is sustained.